IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCIA LEE JOHNSON,

        Plaintiff,

   v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

No. 3:15-cv-01893-HZ

OPINION & ORDER

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

HERNÁNDEZ, District Judge:

    Plaintiff Marsha Lee Johnson brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Johnson's application for Title II disability benefits under the Social Security Act. Johnson has filed an application to proceed *in*

1 - OPINION & ORDER

*forma pauperis* ("IFP"). Because her application reveals that Johnson is capable of paying the filing fee without compromising her ability to provide for herself, the motion is denied.

A party seeking to bring a civil action in federal court must pay a filing fee. See 28 U.S.C. § 1914 (providing statutory fee of $350); U.S. Dist. Ct. Sch. of Fees (showing $400 civil filing fee as of January 1, 2015) (available at https://www.ord.uscourts.gov/index.php/filing/fees). A civil action may proceed without the prepayment of a filing fee only if the court grants an application to proceed IFP. 28 U.S.C. § 1915(a).

The court has discretion to decide whether to grant IFP status. See Calif. Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), rev'd on other grounds, 506 U.S. 194 (1993); see also O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990) (explaining that denial of an IFP application is reviewed for abuse of discretion).

A litigant is not required to contribute her "last dollar" or make herself and her dependents "wholly destitute" to qualify for IFP status, but must show that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). While the court does not apply the federal poverty guidelines as the sole basis to grant or deny IFP status, they are one measure of poverty. A plaintiff with an income well above the applicable guideline, without substantial debts or expenses, may likely fail to establish an inability to pay the filing fee. E.g., Lopez-Ruiz v. Tripler Army Med. Ctr., No. CV. 11-0066 JMS/BMK, 2011 WL 486952, at *1 (D. Haw. Feb. 4, 2011) (denying IFP application where

plaintiff's income was well in excess of the federal poverty guidelines, she had other assets, and her monthly income exceeded monthly expenses).

Johnson's IFP application reveals that she and her significant other have an annual net income of approximately $82,000. Application for Leave to Proceed IFP, ECF No. 2 ("Application") (showing $2,400 in monthly pension payments and $1,100 in monthly Social Security payments for the plaintiff, and $3,400 per month in workers compensation payments for plaintiff's significant other). Her IFP application lists regular expenses of about $38,000 per year. See id. (showing monthly expenses for mortgage, utilities, transportation, food, insurance, credit cards, an IRS tax debt, and others).

Although neither Johnson nor her significant other are presently employed, both enjoy regular income that places them well above the 2015 federal poverty level for a family of two, set at $15,930. Johnson's application does not establish that paying the filing fee will deprive her or her family of life's necessities, and thus her IFP application is denied.

## CONCLUSION

Johnson's application to proceed *in forma pauperis* [2] is denied. Johnson has thirty days from the date of this Order to pay the filing fee. If she fails to pay the required fee by that date, this action will be dismissed without prejudice.

IT IS SO ORDERED.

Dated this 13 day of November, 2015.

MARCO A. HERNÁNDEZ
United States District Judge

3 - OPINION & ORDER